IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TRACI A. JOHNSON and
MICHAEL L. JOHNSON                                                    PLAINTIFFS

vs.                              NO: 4:08CV00231 BSM

ANHEUSER-BUSCH, INC.                                                  DEFENDANT

### ORDER

Plaintiffs filed this action in the Circuit Court of White County, Arkansas, on February 13, 2008, alleging that plaintiff Traci Johnson was injured when a beer bottle exploded while she was working as a bartender at the VFW Club in Searcy, Arkansas on October 27, 2007. Plaintiff Michael Johnson brings a loss-of-consortium claim. Defendant removed this action on March 24, 2008, on the basis of diversity jurisdiction.

Pending before the court are a number of motions. After considering the motions, the responses, and the applicable law, the court rules as follows:

**Plaintiffs' Motion to Compel (Doc. No. 11)**

Plaintiffs ask that the court require defendant to produce a Rule 30(b)(6) witness for deposition to testify on the areas covered in the Notice of Deposition.

Defendant contends that the court should not consider plaintiffs' motion as they failed to file a brief in support of it as required by Local Rule 7.2. Defendant also argues that the notice improperly calls for legal and expert opinions, and is vague, unduly burdensome, and premature.

The court finds that plaintiffs have failed to file in support of their motion as required

by the local rule and that plaintiffs have presented the court with no legal support for their argument that the areas requested in the notice are proper for a Rule 30(b)(6) witness. For these reasons, plaintiffs' motion to compel is denied.

**Defendant's Motion to Modify the Scheduling Order** (Doc. No. 12)

Defendant requests that the court modify its final scheduling order of June 28, 2008 to require the parties to make expert disclosures as set forth in their joint Rule 26(f) report.

Plaintiffs object to a modification of the scheduling order, stating that the parties still have not engaged in discovery and that the parties might need different deadlines as well as a continuance of the trial.

Defendant has replied, requesting that if the court modifies the scheduling order and/or continues the trial, it include deadlines for conducting expert discovery.

The court has not included dates for expert disclosures in its scheduling order, as the timing of the disclosures is provided in Fed. R. Civ. P. 26, in the absence of a court order or stipulation by the parties. In that the parties have agreed to a different schedule than the one provided by the rule, modifying the scheduling order is unnecessary and the motion is denied.

Neither party has filed a motion to extend the deadlines or to continue the trial. Moreover, the court is not inclined to grant a continuance or extend the deadlines. Therefore, the court denies the motion to modify the scheduling order.

**Plaintiffs' Motion in Limine** (Doc. No. 14)

Plaintiffs request that the court preclude defendant from introducing evidence

regarding the previous marriages of the plaintiffs, the bankruptcy of Michael Johnson, citations given plaintiffs for public intoxication, Michael Johnson's DWI conviction, traffic tickets issued to plaintiffs, the arrest of Michael Johnson for nonpayment of child support and hot checks, and a previous worker's compensation claim made by Traci Johnson.

Defendant states that plaintiffs' motion is premature. No depositions have been taken in this case and defendant is not in a position to determine whether the information plaintiffs seek to exclude is relevant.

The scheduling order provides that the deadline for filing motions in limine is February 20, 2009. Therefore, the court denies plaintiff's motion, without prejudice.

IT IS SO ORDERED this 6th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE